UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOUIS N. MAISONET,

    Plaintiff,

v.                                                     Case No: 8:15-cv-851-T-17AAS

STEAK N SHAKE OPERATIONS, INC., a
foreign profit corporation doing business
in the State of Florida,

    Defendant.

_____

## ORDER

This cause came before the Court pursuant to the *Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law* (Doc. No. 32) (the "**Motion for Summary Judgment**") filed by the Defendant, Steak N Share Operations, Inc. (the "**Defendant**"), the *Plaintiff's Motion to Voluntarily Dismiss Without Prejudice Under Fed. R. Civ. P. 41* (Doc. No. 40) (the "**Motion to Dismiss**") filed by the Plaintiff, Louis N. Maisonet (the "**Plaintiff**"), and the *Defendant's Response in Opposition to Plaintiff's Motion to Voluntarily Dismiss Without Prejudice under Fed. R. Civ. P. 41* (Doc. No. 41) (the "**Response**") filed by the Defendant. For the reasons set forth below, the Motion for Summary Judgment and the Motion to Dismiss are **DENIED WITHOUT PREJUDICE**.

Having considered the Motion for Summary Judgment, the Motion to Dismiss, the Response, and the docket as a whole, it appears that the Plaintiff has not sufficiently developed his case to oppose the Motion for Summary Judgment. This failure appears to be due, in large part, to the withdrawal of the Plaintiff's previous counsel one week prior to the dispositive motion deadline, which the Defendant did not oppose. The Plaintiff's

current counsel did not file a notice of appearance until after discovery had closed and, as a result, has not had an opportunity to work up the Plaintiff's claims. Rather than seek to do so here, the Plaintiff's current counsel seeks to dismiss this case and re-file in state court. While it may be convenient for the Plaintiff to have a "do-over" in state court, this would be unfair and prejudicial to the Defendant. Thus, the Court would only consider dismissing this case with leave to re-file on the condition that the Plaintiff pay the Defendant's costs. Were this a case between two well-funded corporations, the Court would be inclined to grant the requested relief. However, it is not, and the Plaintiff is likely not in a position to "come out of pocket" for the Defendant's costs. Accordingly, it is the view of the Court that the most equitable solution is to continue the trial for between six months and one year, and allow the parties to submit a revised case management report.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment and the Motion to Dismiss are **DENIED WITHOUT PREJUDICE**. The parties are directed to meet and confer within 14 days, and to submit a revised case management report within 14 days thereafter. Any disagreements regarding the revised case management report should be presented to the presiding United States Magistrate Judge through a motion for preliminary pretrial conference. All current deadlines and hearings in this case are **STAYED** pending the submission of the revised case management report.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 4th day of August, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record